# Alfred M. Fuller *v.* E. Hope, Appellant.

*Contract—Agreement in restraint of trade.—Consideration.*

Plaintiff, a cattle dealer, claimed that he had been wrongfully charged for terminal charges by defendants, the proprietors of a stock yard. After some negotiations between the parties, defendant agreed to credit plaintiff with the amount of the charges, and plaintiff entered into a bond for the exact amount of the credit allowed him, conditioned upon his carrying on his regular business at defendant's yard for the period of one year. *Held,* that no general restraint upon trade was imposed by the bond, and that the restrictions as to time and place were reasonable and founded upon a sufficient consideration.

The restraint was to secure to plaintiff the benefit of the agreement made. It was not the right created by the agreement, but incidental to it only, and necessary to its protection. The adjustment of the accounts and the payment by the defendant were a sufficient consideration to sustain the agreement.

Argued May 23, 1894. Appeal, No. 260, Jan. T., 1894, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1893, No. 594, in favor of plaintiff refusing to open judgment. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was discharge of rule.

*James Collins Jones, Lewin W. Barringer* with him, for appellant.—The general rule is that all contracts in restraint of trade, if nothing more appears, are bad: Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173; Keeler v. Taylor, 53 Pa. 468; Mitchell v. Reynolds, 1 Sm. L. Cas. 756; Gompers v. Rochester, 56 Pa. 197.

The restraint imposed by the condition of the bond in this case is unreasonable: Gompers v. Rochester, 56 Pa. 194; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173; Horner v. Graves, 7 Bing. 743; Smith's Ap., 113 Pa. 579; Leather Cloth Co. v. Lorsent, L. R. 9 Eq. Cas. 345.

The contract lacks mutuality: Young v. Timmins, 1 Tyr. 226; Muller v. Bohringer, 3 Pa. C. C. R. 144.

The bond is without consideration: Covington Stock Yards v. Keith, 139 U. S. 128; Lonegan v. Buford, 148 U. S. 581; White v. Heylman, 34 Pa. 142; Motz v. Mitchell, 91 Pa. 114; Lehigh C. & N. Co. v. Brown, 100 Pa. 338.

*Alex. P. Colesberry, Frank B. Shattuck* with him, for appellee.—The contract was reasonable, with a valuable consideration, and not in general restraint of trade : Keeler v. Taylor, 53 Pa. 467; Gompers v. Rochester, 56 Pa. 197; McClurg's Ap., 58 Pa. 55; Harkinson's Ap., 78 Pa. 196; Taylor v. Saurman, 110 Pa. 6; Mitchell v. Reynolds, 1 P. Wms. 181; 1 Sm. L. Cas. 756.

If plaintiff had brought suit on this bond against defendant, the latter could not have set off a claim due by Martin Fuller & Co. to him, even if one admittedly existed : McDowell v. Tyson, 14 S. & R. 300; Swoyer's Ap., 5 Pa. 380.

In order to constitute a payment under protest, by virtue of which the amount may be recovered back, it is necessary that there should be compulsion, coercion or duress used in inducing the payment, and the party must, at the time of paying, give notice of the illegality of the demand and of his involuntary payment: De La Cuesta v. Ins. Co., 136 Pa. 62; Lehigh C. & N. Co. v. Brown, 100 Pa. 338.

If, on the testimony taken, the court would set aside a verdict for the defendant, the application to open should be refused : Jenkintown Bank's Ap., 124 Pa. 337; Kelber v. Plow Co., 146 Pa. 485; Walter v. Fees, 155 Pa. 55.

OPINION BY MR. JUSTICE FELL, July 12, 1894:

In 1882 the defendant was a cattle broker, and his stock received over certain railroads was delivered to him at the Philadelphia Stock Yards, of which Martin, Fuller & Co. were lessees. They required of him, as of others, the payment of a fixed charge on all cattle received. In January, 1882, he made out a statement of the amount he had paid them, and demanded that repayment should be made on the ground that the charges exacted were unjust and illegal, as no accommodations had been furnished him, and the landing in their yards was the landing for delivery by the railroad companies.

The dispute between them was as to the right to charge

where no service had been rendered or supplies furnished, but the cattle merely driven through the yard after they were taken from the cars.  On the day that the statement, which amounted to $1,241.40, was rendered by the defendant, he purchased of Martin, Fuller & Co. cattle amounting in price to over $4,000, and offered to pay for the same; first deducting the $1,241.40 which he claimed was due him.

At the suggestion of Alfred M. Fuller the defendant called at his house to see if they could adjust their difference. At this interview a settlement was reached on this basis : the defendant was allowed as a credit on the amount due for cattle purchased the full amount of his claim, $1,241.40, and agreed that for one year he would carry on his regular business of selling cattle at the Philadelphia Stock Yards, and as evidence of and as a means of enforcing this agreement the bond which is the subject of this controversy was given.

The bond is for the exact amount which was in controversy, $1,241.40, and the condition is : " . . . if the above named obligor do not sell any cattle or sheep at the North Penn Drove Yard within one year from the date hereof, and during that time carries on his regular business at the Philadelphia Stock Yard, then this obligation shall be void or else remain in full force and virtue."

Judgment was entered on this bond, and a rule granted to show cause why it should not be opened and the defendant let into a defence was after hearing discharged.  This action of the court is now assigned as error.

The breach of the condition is admitted, and the defence is based solely on the ground that the condition is in restraint of trade, and that the restraint is unreasonable and without consideration.

This objection to the bond does not seem to be well founded. No general restraint upon trade is imposed, and the restrictions as to time and place are reasonable and founded upon a sufficient consideration.  Looking at the bond only, without any explanation of the circumstances which gave rise to it, it would be open to the objection that the only right created was that of restraint; but the testimony shows that the bond was intended to secure a right given to the plaintiff by the agreement.

The position of the parties was this : Martin, Fuller & Co.

were lessees of a stock yard, and engaged in a business the profits of which were derived from charges for handling, feeding and slaughtering cattle.    The defendant received his cattle there, took them at once to other yards, and claimed to be exempt from any charges on the ground that it was the place of delivery of the railroad company.    They desired to end all controversy as to past charges, and to secure his business for the future.    Negotiating on this basis the parties reached an agreement; they paid him the money which he claimed they had improperly exacted, and he agreed for one year to carry on his business at their yards.    To secure this the bond was given.

The restraint was to secure to the plaintiff the benefit of the agreement made.    It was not the right created by the agreement, but incidental to it only, and necessary to its protection. The adjustment of the accounts and the payment by the defendant were a sufficient consideration to sustain the agreement.

The judgment is affirmed.